1   William Fayette Taylor (State Bar No.88157)
    Law Offices of William Fayette Taylor
2   2000 Center Street, Suite 300
    Berkeley, California 94704
3   Phone (510) 644-8118
    Fax   (510) 845-3016
4

    Attorney for Plaintiff
5   Diane Tran

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE TRAN, an individual | CASE NO. **C 03 3601 JF** |
| | COMPLAINT FOR DAMAGES |
| | (1) Interceptions Of Electronic Communications In Violation Of United States Code, Title 18, Section 2511; |
| Plaintiff, | |
| | (2) Disclosures Of Electronic Communications In Violation Of United States Code, Title 18, Section 2511; |
| v. | (3) Reading Or Attempting To Learn Contents Of Communications In Violation of California Penal Code Section 631; |
| LEHRER MANAGEMENT COMPANY, INC., a corporation, | (4) Recording Confidential Communications In Violation Of California Penal Code Section 632; and |
| Defendant. | (5) Invasions Of Privacy In Violation Of California Constitution Article I, Section 1, And California Common Law. |
| _____ | <u>DEMAND FOR JURY TRIAL</u> |

Complaint for Damages

1

Plaintiff Diane Tran ("Plaintiff"), for claims against defendant Lehrer Management Company, Inc. ("Lehrer Management"), alleges as follows:

## JURISDICTION

1. This action arises under United States Code, Title 18, Sections 2511 and 2520, as set forth more fully below, and under California law, as set forth more fully below. Plaintiff seeks statutory damages, compensatory damages, punitive damages, and attorneys' fees.

2. This Court has jurisdiction over the subject matter of the First Claim For Relief and the Second Claim For Relief of this action under United States Code, Title 18, Sections 2511 and 2520, and United States Code, Title 28, Section 1331.

3. This Court has jurisdiction over the subject matter of the Third Claim For Relief, Fourth Claim For Relief, and Fifth Claim For Relief, all of which arise under California law, under United States Code, Title 28, Section 1367(a)

## PARTIES

4. Plaintiff is an individual.

5. Plaintiff is informed and believes, and on that ground alleges, that Lehrer Management is a corporation with its headquarters in this District.

## COMMON ALLEGATIONS

6. From April 17, 2001, and through September 27, 2002, Plaintiff was employed by Lehrer Management as an administrative assistant in Lehrer Management's headquarters.

7. While Plaintiff was so employed, Lehrer Management provided Plaintiff with a desk top computer ("Desk Top Computer") for her use at Lehrer Management's headquarters.

8. As Lehrer Management was aware, Plaintiff was to and did use this Desk Top Computer to communicate with persons and entities inside and outside Lehrer Management.

9. Plaintiff is informed and believes, and on that basis alleges, that in August, 2002, Lehrer Management caused to be installed software named "eBlaster" on the Desk Top Computer.

10. This installation was done secretly and without any knowledge of or consent by Plaintiff.

11. Plaintiff is informed and believes, and on that basis alleges, that the eBlaster software allowed Lehrer Management to [a] intercept, inter alia, any and all communications to and from Plaintiff which were sent through the Desk Top Computer, [b] record any and all such communications, [c] read or attempt to learn the contents of any and all such communications, and [d] disclose any and all such communications to third parties, all without Plaintiff's knowledge or consent.

## FIRST CLAIM FOR RELIEF

### (For Interceptions Of Electronic Communications
### In Violation Of United States Code, Title 18, Section 2511)

12. Plaintiff realleges and incorporates paragraph numbers 1 through 11, inclusive, of this Complaint.

13. Plaintiff is informed and believes, and on that basis alleges, that beginning in August 2002, and continuing thereafter, Lehrer Management, in using the eBlaster software, intentionally intercepted "electronic communication[s]," as that term is defined in United States Code, Title 18, Section 2510(12), to and from Plaintiff which were sent through the Desk Top Computer.

14. These intentional interceptions were illegal, because they were in violation of United States Code, Title 18, Section 2511.

15. By reason of the foregoing, and per United States Code, Title 18, Section 2520, Plaintiff is entitled to (a) statutory damages of $100 for each day of these violations or $10,000, whichever is greater, and (b) her attorneys' fees.

16. Plaintiff is informed and believes, and on that basis alleges, that Lehrer Management's acts as described above were done wantonly, recklessly, or maliciously.

Complaint for Damages

By reason of the foregoing, Plaintiff is entitled to an award of punitive damages from Lehrer Management in an amount to be proved at trial.

### SECOND CLAIM FOR RELIEF

**(For Disclosures of Electronic Communications**

**In Violation Of United States Code, Title 18, Section 2511)**

17. Plaintiff realleges and incorporates paragraph numbers 1 through 14, inclusive, of this Complaint.

18. Plaintiff is informed and believes, and on that basis alleges, that Lehrer Management disclosed the illegally intercepted electronic communications to a third party.

19. These disclosures violated United States Code, Title 18, Section 2511.

20. By reason of the foregoing, and per United States Code, Title 18, Section 2520, Plaintiff is entitled to (a) statutory damages of $100 for each day of these violations or $10,000, whichever is greater, and (b) her attorneys' fees.

### THIRD CLAIM FOR RELIEF

**(Reading Or Attempting To Learn Contents Of Communications**

**In Violation Of California Penal Code Section 631)**

21. Plaintiff realleges and incorporates paragraph numbers 1 through 11, inclusive, of this Complaint.

22. Plaintiff is informed and believes, and on that basis alleges, that beginning in August 2002, and continuing thereafter, Lehrer Management, in using the eBlaster software and without Plaintiff's knowledge or consent, willfully read or attempted to learn the contents of communications to and from Plaintiff which were sent through the Desk Top Computer.

23. These readings or attempted learnings violated California Penal Code Section 631.

24. By reason of the foregoing and per California Penal Code Section 637.2, Plaintiff is entitled to statutory damages of $5,000 for each such violation.

Complaint for Damages

25. Plaintiff is informed and believes, and on that basis alleges, that Lehrer Management's act in violation of California Penal Code section 631 were oppressive, malicious, or fraudulent, as those terms are used in California Civil Code Section 3294. By reason of the foregoing, Plaintiff is entitled to an award of punitive damages from Lehrer Management in an amount to be proved at trial.

## FOURTH CLAIM FOR RELIEF

### (Recording Confidential Communication In Violation Of California Penal Code Section 632)

26. Plaintiff realleges and incorporates paragraph numbers 1 through 11, inclusive, of this Complaint.

27. Plaintiff is informed and believes, and on that basis alleges, that beginning in August 2002, and continuing thereafter, Lehrer Management, in using the eBlaster software and without Plaintiff's knowledge or consent, intentionally recorded confidential communications to and from Plaintiff which were sent through the Desk Top Computer.

28. These recordings violated California Penal Code section 632.

29. By reason of the foregoing, and per California Penal Code Section 637.2, Plaintiff is entitled to statutory damages of $5,000 for each such violation.

30. Plaintiff is informed and believes, and on that basis alleges, that Lehrer Management's acts in violation of California Penal Code section 632 were oppressive, malicious, or fraudulent, as those terms are used in California Civil Code Section 3294. By reason of the foregoing, Plaintiff is entitled to an award of punitive damages from Lehrer Management in an amount to be proved at trial.

## FIFTH CLAIM FOR RELIEF

### (Invasions Of Privacy In Violation Of California Constitution, Article I, Section 1, And California Common Law)

31. Plaintiff realleges and incorporates paragraph numbers 1 through 11, inclusive, of this Complaint.

32. Plaintiff had a reasonable expectation of privacy in communications to and

1 from her which were sent through the Desk Top Computer.

2      33.    Plaintiff is informed and believes, and on that basis alleges, that, beginning
3 in August 2002, and continuing thereafter, Lehrer Management, in using the eBlaster
4 software without Plaintiff's knowledge or consent, intercepted, recorded, and disclosed to
5 third parties those communications, and thereby invaded Plaintiff's reasonable
6 expectation of privacy, as set forth in California Constitution, Article I, Section 1, and
7 under California common law.

8      34.    By reason of the foregoing, Plaintiff has been injured in an amount to be
9 proved at trial.

10      35.    Plaintiff is informed and believes, and on that basis alleges, that Lehrer
11 Management's acts as described above were oppressive, malicious, or fraudulent, as those
12 terms are used in California Civil Code Section 3294. By reason of the foregoing,
13 Plaintiff is entitled to an award of punitive damages from Lehrer Management in an
14 amount to be proved at trial.

15      WHEREFORE, Plaintiff prays for judgment against Lehrer Management as
16 follows:

17      <u>On the First Claim For Relief, For</u>:
18 A. tatuory damagesof $100 per day of the violation or $10,000, whichever is greater;
19      B.    Her attorneys' fees; and
20      C.    Punitive damages in an amount to be proved at trial.
21      <u>On the Second Claim For Relief, For</u>:
22      A.    Statutory damages of $100 per day of the violation or $10,000, whichever is
23              greater; and
24      B.    Her attorneys' fees.
25      <u>On the Third Claim For Relief, For</u>:
26      A.    Statutory damages of $5,000 for each violation; and
27      B.    Punitive damages in an amount to be proved at trial.
28      <u>On the Fourth Claim For Relief, For</u>:

1     A.     Statutory damages of $5,000 for each violation; and

2     B.     Punitive damages in an amount to be proved at trial.

3     <u>On the Fifth Claim For Relief, For</u>:

4     A.     Compensatory damages in an amount to be proved at trial; and

5     B.     Punitive damages in an amount to be proved at trial.

6     <u>On All Claims For Relief, For</u>:

7     A.     Plaintiff's costs; and

8     B.     Such further damages or other relief as may be proper.

11     DATED: July 31, 2003     LAW OFFICES OF WILLIAM FAYETTE TAYLOR

14     By:_____

15                               William Fayette Taylor
                                  Attorney for Plaintiff Diane Tran

**DEMAND FOR JURY TRIAL**

Per Federal Rule Of Civil Procedure 38(b), and Northern District of California Rule 3.6, plaintiff Diane Tran demands a trial by jury on her Complaint and on each claim for relief in her Complaint.

DATED: July 31, 2003     LAW OFFICES OF WILLIAM FAYETTE TAYLOR

By: _____
William Fayette Taylor
Attorney for Plaintiff Diane Tran

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>Complaint for Damages</u>

9